Aaron Schu (SBN 299701)
Aaron.Schu@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorney for Plaintiff
INTAKE BREATHING TECHNOLOGY LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

INTAKE BREATHING TECHNOLOGY LLC,

Plaintiff,

v.

KIERDORF & REICH GbR, d/b/a NAPIFY

Defendant.

Case No. 2:25-cv-11681

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Intake Breathing Technology, LLC ("Intake" or "Plaintiff") hereby brings the present action for patent infringement against Defendant Kierdorf & Reich GbR d/b/a Napify ("Defendant"), as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff makes the following allegations against Defendant.

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

3. This Court has personal jurisdiction over Defendant because, upon information and belief, it has committed acts of patent infringement in this District, including at least through providing, advertising, promoting, offering to sell, and selling its infringing Nasal Strips Refill Pack. Upon information and belief, Defendant has substantial and continuous contacts in the State of California, it has purposefully availed itself of the privilege of doing business in the State of California, and it has purposefully directed its infringing activities at the State of California. Further, Defendant has purposefully directed its infringing products into the stream of commerce, knowing that the infringing products would be sold in California, and the infringing products have in fact been sold in California.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is a foreign company and may be sued in any judicial district. *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 712–713 (1972).

## III. THE PARTIES

5. Plaintiff, Intake Breathing Technology LLC, is a California corporation with its principal place of business at 614 Santa Barbara Street, Ste. A, Santa

Barbara, CA 93101.

6. Plaintiff is the owner of all right, title, and interest in U.S. Patent No. 9,510,969 ("the '969 Patent"). A true and correct copy of the '969 Patent is attached as **Exhibit 1**.

7. The '969 Patent issued on December 6, 2016. *See id*.

8. The '969 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

9. The '969 Patent is directed to a nasal element for a breathing system—nasal adhesives that attach to the user's nose and are specifically designed to interact and cooperate with a magnetic nasal band. A representative picture of Plaintiff's nasal adhesive product embodying the '969 Patent is shown below:




10. Plaintiff's patented nasal adhesives are designed to be used as part of Plaintiff's innovative magnetic nasal dilator system, also patented, that includes the nasal adhesives, a magnetic band that spans across the nasal adhesives to dilate the nasal passage, and an applicator specifically designed to apply the nasal adhesives to the nose. A representative picture of Intake's magnetic nasal dilator system is shown below:




11. The patented nasal dilator technology was invented by James D. Castillo, a prolific inventor and motorsports enthusiast who holds multiple patents across various fields. The idea for the nasal dilator was first conceived during a motorcycle excursion. While wearing goggles, Mr. Castillo experienced discomfort and difficulty breathing due to the pressure on his nose. This experience prompted him to improvise a device that would keep the nostrils open—even under pressure—leading to the initial development of the nasal dilator technology.

12. The concept resurfaced during a family gathering, where Mr. Castillo realized that this innovation could have a broader application for athletes of all kinds and for people struggling with nasal breathing in everyday life. What started as a solution for an isolated motor-sports problem evolved into a novel and widely useful device. That idea became a reality through years of design, development, and refinement, ultimately resulting in the patented technology at issue in this case.

13. Plaintiff developed a product line embodying the '969 Patent under the brand name "Intake®" ("Plaintiff's Products"), which is sold exclusively under the Intake brand, including through its website (www.intakebreathing.com) and by Plaintiff on e-commerce platforms such as Amazon.com and TikTok. Plaintiff's product line includes its nasal dilator devices designed to improve airflow and

enhance breathing and performance for consumers.

14. After being used and worn by many professional athletes, including in televised interviews, Plaintiff's Products then went viral on social media, including on TikTok.

15. On information and belief, Defendant is a BGB or GbR entity, based in Cologne, Germany with a principle place of business at NRW, Gottinger Strasse 2, 51103 Cologne, Germany run by Niklas Alexander Kierdorf and Joel-Filippo Reich.

16. On information and belief, Defendant is not entered in the Commercial Register and not registered with the Trade and Companies Register in Germany.

17. On information and belief, Defendant only has one U.S. trademark—GLOWEE—that is for teeth whitening products and a dental product and that was filed by an attorney named Auria Legendre located at 492 Wood Ridge Ave, Wood Ridge, NJ 07075, United States. The trademark was approved for publication in September 2025 and withdrawn from publication in October 2025.

18. On information and belief, the individual Joel-Filippo Reich filed for the U.S. trademark NAPIFY in December 2024, which was also filed by the attorney named Audria Legendre and which was abandoned in September 2025.

19. On information and belief, the individual Niklas Alexander Kierdorf also filed for the U.S. trademark NAPIFY in July 2024, which was registered on April 29, 2025.

20. On information and belief, Defendant holds itself out as an entity engaged in the activity of mail order via general catalog.

21. On information and belief, Defendant operates one or more e-commerce stores on Amazon.com under Seller Alias, Napify with ASIN: B0FRGGSBSZ

## IV. DEFENDANT'S UNLAWFUL CONDUCT

22. The viral success of Plaintiff's Products has resulted in significant and exponential infringement of Plaintiff's Patent. Due to the growing popularity and

demand for Plaintiff's highly-effective and high-quality patented nasal dilator technology, countless (and at least hundreds and hundreds) opportunistic sellers, including Defendant, have entered the market with infringing products that attempt to mimic Plaintiff's products and that infringe on its patents. Because of this ongoing infringement, Plaintiff is currently losing sales at least in the five-figure range on a monthly basis, severely affecting its ability to capitalize on its own innovation and recover its investment in product development and marketing.

23. Because of this, Plaintiff has implemented a comprehensive anti-infringement program that involves investigating suspicious websites and online marketplace listings identified through proactive Internet sweeps and searches, which is how Plaintiff discovered Defendant. Plaintiff has devoted substantial time and resources, daily, to submitting takedown requests and monitoring compliance across multiple e-commerce platforms. These efforts have required many endless hours that could otherwise be dedicated to product development, marketing, and legitimate business growth. Despite Plaintiff's diligence, the takedown campaigns have yielded only limited success, as infringing sellers often reappear under different storefront names, relocate to new platforms, or counter the legitimate takedown with false representations to the platforms. As such, Plaintiff is left with no meaningful remedy other than seeking this Court's intervention to help halt the widespread infringement and preserve its rights under the law, including stopping Defendant from selling products that infringe Plaintiff's patents.

24. Defendant is advertising, offering for sale, and importing into the U.S. nasal adhesives that imitate Plaintiff's nasal adhesives and infringe the '969 Patent. A representative picture of Defendant's products, as advertised on Amazon.com, is shown below, taken from a true and correct webcapture of Defendant's listing attached as **Exhibit 2**:






25. Defendant's nasal adhesives meet multiple claims of the '969 Patent, including that they are configured to interact with a magnetic nasal band.

26. The sale of Defendant's nasal adhesives constitutes infringement under 35 U.S.C. § 271(a).

27. Plaintiff has notified Defendant, at least as of November 6, 2025 via Amazon, that Plaintiff has patent protection on its nasal dilator technology.

28. Defendant has notice of the'969 Patent and that the Accused Products infringe the '969 Patent at least as of the filing of this Complaint.

29. On information and belief, Defendant is willfully infringing Plaintiff's patent and knowingly seeking to trade off of the success of Plaintiff's invention without Plaintiff's authorization.



**COUNT I**

**PATENT INFRINGEMENT (35 U.S.C. § 271) – THE '969 PATENT**

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

31. Plaintiff owns all rights, title, and interest in and to the '969 Patent.

32. Defendant makes, uses, offers for sale, sells, and/or imports nasal adhesives including without limitation the Nasal Strips Refill Pack listed on Amazon.com under ASIN B0FRGGSBSZ (the "Accused Products"), that directly infringe, literally, and/or under the doctrine of equivalents, one or more claims of the '969 Patent.

33. The Accused Products satisfy all claim limitations of one or more of the ’969 Patent. A claim chart comparing representative claim 1 of the ’969 Patent to a representative sample of the Accused Products is attached as **Exhibit 3**.

34. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured and irreparably harmed Plaintiff and is liable for infringement of the ’969 Patent pursuant to 35 U.S.C. § 271.

35. Defendant has had actual knowledge of the ’969 Patent and that the Accused Products infringe the ’969 Patent since at least the filing of this Complaint.

36. Defendant’s use and sale of the Accused Products since at least after the filing of this Complaint constitutes willful infringement entitling Plaintiff to treble damages under 35 U.S.C. § 284.

37. As a result of Defendant’s infringement of the ’969 Patent, Plaintiff is entitled monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant’s infringing activities are immediately enjoined.

38. Unless an injunction is issued enjoining Defendant and its agents, servants, employees, representative, affiliates, and all others acting or in active concert therewith from infringing the ’969 Patent, Plaintiff will be irreparably harmed.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. That Defendant, its affiliates, officers, agents, employees, successors, assigns, representatives, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use of any products that infringe upon the

’969 Patent.

2. Entry of an Order that, upon Plaintiff’s request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the ’969 Patent.

3. That Judgment be entered against Defendant finding that they have directly infringed, literally or under the doctrine of equivalents, one or more claims of the ’969 Patent.

4. That Judgment be entered against Defendant finding that Defendant has willfully infringed ore or more claims of the ’969 Patent.

5. That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

6. That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendant’s willful infringement of Plaintiff’s Patents.

7. A finding that this case is exceptional under 35 U.S.C. § 285.

8. That Plaintiff be awarded its reasonable attorneys’ fees and costs.

9. Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 9, 2025

QUARLES & BRADY LLP

By: */s/ Aaron Schu*

AARON SCHU
Attorney for Plaintiff Intake Breathing Technology, LLC